IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV233-MU-02
(3:03CR86-MU)

| | |
|---|---|
| ELIJAH DAVIS,         )<br>    Petitioner,     )<br>                       )<br>    v.                 )<br>                       )<br>UNITED STATES OF AMERICA, )<br>    Defendant.     )<br>_____) | ORDER |

**THIS MATTER** comes before the Court the petitioner's "Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence . . . ," filed May 19, 2005. After having carefully reviewed the petitioner's Motion, the record of the petitioner's criminal case, and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue a direct appeal of his convictions and/or sentences in his underlying criminal case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record, on May 20, 2003, the petitioner was named in a Bill of Indictment which charged him with three separate counts of possession with intent to distribute specified quantities of cocaine base, in violation of 21 U.S.C. §841(b).

On February 9, 2004, the petitioner entered into a written Plea Agreement with the government, whereby he agreed to plead

guilty to Count One in the Indictment.  Consequently, on March 4, 2004, the petitioner appeared before the Court and tendered his guilty plea as contemplated by his Agreement.  Upon the conclusion of that Plea & Rule 11 Proceeding, the Court conditionally accepted the petitioner's guilty plea.

On August 30, 2004, the Court held a Factual Basis & Sentencing Hearing for the petitioner.  On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters.  Thereafter, the Court sentenced the petitioner to a term of 262 months imprisonment on Count One.  The Court's Judgment was filed on September 13, 2004.

The petitioner did <u>not</u> appeal his conviction or sentence. Rather, on May 19, 2005, the petitioner filed the instant Motion to Vacate alleging several matters, including that he was subjected to ineffective assistance of counsel by virtue of his attorney's failure to honor his request for a direct appeal. Having carefully considered this matter, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. **ANALYSIS**

Indeed, in <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is <u>per se</u> ineffective assistance of counsel--irrespective of the merits of

the appeal.  See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, the petitioner has alleged that he asked his attorney to file an appeal; but that his attorney, for whatever reason, failed to file such an appeal as he requested. Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies such representation, the Court still would be compelled to give the petitioner the benefit of the doubt on this matter.

Accordingly, in light of Evitts and Peak, the Court concludes that the petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the petitioner may appeal his conviction and/or sentence.

### III.   **NOTICE OF APPELLATE RIGHTS**

Mr. Davis, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals.  If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes

later.  The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees.  You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

## IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That the petitioner's Motion to Vacate is **GRANTED**;

2.  That the petitioner's original Judgment is **VACATED** due to counsel's failure timely to file an appeal as requested by the petitioner;

3.  That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the original Judgment form;

4.  That the petitioner may appeal from his new Judgment as has been explained in this Order;

5.  That if counsel for the government is aware that former defense counsel has in his possession a document which affirmatively establishes that the petitioner advised counsel that he

did <u>not</u> want to appeal, or which otherwise conclusively rebuts the petitioner's allegation that counsel failed to file an appeal as requested, counsel for the government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

**Signed: June 9, 2005**

Graham C. Mullen
Chief United States District Judge